FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 29 2011

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVIN N. LINDSAY, <br><br> Plaintiff, <br><br> v. <br><br> TECHNICAL COLLEGE SYSTEMS OF GEORGIA, ATLANTA TECHNICAL COLLEGE, BRENDA JONES, ALVETTA P. THOMAS, JONI WILLIAMS, AND KRISTI WOLFSBERGER CARMAN, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:09-CV-2133-JEC |

**ORDER & OPINION**

This case is before the Court on Plaintiff's Motion to Reconsider or, in the Alternative, Amend and Modify Its Judgment [34]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that Plaintiff's Motion to Reconsider or, in the Alternative, Amend and Modify Its Judgment [34] should be **GRANTED in part and DENIED in part**.

**BACKGROUND**

Plaintiff was previously employed by defendant Atlanta Technical College, and filed this law suit after defendant fired him. Plaintiff contended that this termination constituted retaliation in violation

of federal law. Further, he attempted to challenge certain allegedly false claims for reimbursement that defendants had made to the federal government by filing his own individual legal action against defendants under the federal False Claims Act.

This Court issued an Order granting the defendants' motion to dismiss all federal claims. The Court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Plaintiff has now filed a motion seeking reconsideration of the Court's earlier order.

As his basis for reconsideration, the plaintiff contends that this Court erred in concluding that the plaintiff failed to comply with the False Claims Act as to the claim based on that statute. Plaintiff also argues that this Court applied the wrong statute of limitations to his § 1983 group of claims.[1] Plaintiff further argues that the Court should not have imposed costs against plaintiff. Finally, plaintiff contends that his case should not have been closed, as the defendants never addressed in their motion, and the Court therefore never addressed in its Order, plaintiff's claim of retaliatory discharge under the False Claims Act, pursuant to 31 U.S.C. § 3730(h).

For all the above reasons, plaintiff urges this Court to vacate

---

[1] Plaintiff filed a § 1983, a § 1985, and a § 1986 claim, which are hereinafter referred to as his § 1983 claims.

its previous Order dismissing plaintiff's federal claims and closing this case.  Defendants oppose plaintiff's motion. ([35].)

## DISCUSSION

### I. Standard of Review

Local Rule 7.2(E) authorizes a motion for reconsideration when "absolutely necessary."  LR 7.2(E), NDGa.  Reconsideration may be necessary where there is "the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)(O'Kelley, J.).  However, parties cannot use a motion for reconsideration to relitigate old matters or raise arguments that could have been raised earlier.  *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  See also *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000)(a motion for reconsideration is not intended to give the moving party another "bite at the apple" by permitting the party to raise issues that could, and should, have been raised prior to judgment).

Defendant oppose plaintiff's motion, contending that plaintiff's arguments were either previously made during the briefing that preceded the issuance of this Court's Order, or could have been made then. Accordingly, defendants argue, plaintiff's motion fails to

demonstrate a clear or manifest injustice, which is the high standard that he must meet to trigger reconsideration of the previous Order.

## II.    Analysis of Plaintiff's Grounds for Reconsideration

### A.    Plaintiff's *Qui Tam* Claim Under The False Claims Act

Most of plaintiff's motion focuses on his argument that his *qui tam* claim under the False Claims Act was improperly dismissed. In his response to Defendants' Motion to Dismiss, plaintiff had argued that he had constructively satisfied the statutory requirements for filing a claim under the False Claims Act, by reporting his allegations of misconduct to the Government in 2007. (See Order [32] at 11). Plaintiff now essentially concedes that he did not satisfy the predicates required by the statute prior to filing suit. He nevertheless contends that, because his noncompliance was not as egregious as that of the relators (plaintiffs) in a case cited by this Court--*Pilon v. Martin Marietta Corp.*, 60 F.3d 995 (2nd Cir. 1995)--his claim should not have been dismissed.

The argument now made by plaintiff could have been made in his original response to defendants' motion to dismiss. Because an untimely argument does not constitute a ground for reconsideration, this new argument of plaintiff's must necessarily fail. *See Michael Linet, Inc.*, 408 F.3d at 763 (a motion for reconsideration cannot be used to make arguments that could have been made earlier); *accord Mincey*, 206 F.3d at 1137 n.69 (the same).

4

Further, plaintiff's argument is unpersuasive, on the merits. As set out in the Court's Order, plaintiff failed to adhere to virtually *any* of the statutory requirements of the False Claims Act. (*See* Order [32] at 9-11.) These failures, such as plaintiff's failure to file the Complaint *in camera*, deprived the Government of its ability to appropriately decide whether or not to intervene in this action. (*Id.* at 10.) Moreover, a plaintiff cannot prosecute, pro se, a *qui tam* action under the False Claims Act and it is the Court's assumption that the plaintiff is still not an attorney. (*Id.* at 11 n.4.) Finally, even if it were true that plaintiff's noncompliance was not as egregious as that of the relators in *Pilon*, defendants note that, in this case, the Court dismissed plaintiff's claim without prejudice, whereas in *Pilon,* that court dismissed with prejudice.[2]

In short, plaintiff has offered no persuasive reasons why the Court's dismissal of his *qui tam* action, under the False Claims Act, should be reconsidered.

### B. Plaintiff's §§ 1983, 1985, 1986 Claims

The Court had granted the defendants' motion to dismiss plaintiff's §§ 1983, 1985, and 1986 claims on statute of limitations

---

[2] This Court declined to dismiss plaintiff's *qui tam* claim with prejudice only because it concluded that the matter had been inadequately briefed, <u>not</u> due to any finding that plaintiff's actions did not necessarily warrant it. (*See* Order [32] at 11 n.6.)

5

grounds. In asking for reconsideration, plaintiff makes a one-sentence argument that the statutes of limitations typically applicable to such claims should not apply, but instead the statute of limitations applicable to False Claims Act claims should be controlling. (Notice of Mot. [34] at 13.) Plaintiff's argument is unpersuasive.

First, plaintiff never explains what the False Claims Act statute of limitations should be for a § 1983 retaliation claim. More importantly, even if that limitation period were longer than the period provided for by Georgia law, plaintiff's failure to make this argument in his original response dooms his efforts to now advance such an argument. Indeed, plaintiff originally argued that Georgia state law supplied the applicable statute of limitations period for his § 1983 claim.[3] Further, plaintiff provides no legal support for his argument that civil rights claims are governed by the statute of limitations periods for a False Claims Act claim whenever the latter appears in the same complaint as does the civil rights claim. The Court certainly knows of no authority for that novel position.

---

[3] Relying on *Odum v. Rayonier, Inc.*, 2005 WL 3440817, *2 (S.D. Ga. Dec. 14, 2005)(Alaimo, J.), plaintiff originally argued that "[t]he proper limitations period for all Section 1983 actions is Georgia State Law." (Resp.' Opp'n Defs.' Mot. Dismiss [17] at 6.) While *Odum* addressed a § 1985 claim, plaintiff's original position that Georgia law governs the applicable statute of limitations for § 1983 actions was correct.

6

Likewise, plaintiff points to no evidence in support of his new allegation of fraud sufficient to toll the statute of limitations. Indeed, as noted in this Court's previous Order, the date of defendants' alleged retaliation was well known and readily acknowledged by plaintiff. (See Order [32] at 14.)

For all the above reasons, and especially plaintiff's failure to earlier raise these new arguments, plaintiff has not demonstrated adequate grounds for this Court to reconsider its Order dismissing the § 1983 group of claims based on statute of limitations grounds.

C. **Plaintiff's Claim of Retaliatory Discharge Under § 3730(h)**

Plaintiff also argues that the Court should not have indicated in its Order that all of plaintiff's federal claims had been dismissed, as there was one more federal claim that the defendants had not moved to dismiss, and that consequently this Court had not ruled on. Specifically, plaintiff contends that his complaint alleged a claim of retaliatory discharge under 31 U.S.C. § 3730(h).

Unfortunately, plaintiff does not identify where in his Complaint or Amended Complaint, such a claim might be found. The Court has read through the complaints again, and cannot find such a claim. In the Complaint, plaintiff asserted four claims. Count 1 was labeled as a "False Claims Act" claim. This claim asserted that defendants had filed false claims with the federal government in regard to the attendance records of its students. (See Compl. [1-3]

7

at ¶¶74-102.) In the introductory paragraph of the claim, plaintiff does state that his employment contract was not renewed because he reported "his concerns about defendants' conduct of fraud, waste, and abuse of state and federal resources...," but he also indicated that defendant's conduct in this regard violated his First and Fourteenth Amendment rights. (*Id.* at ¶74.)[4] Other than this stray reference to retaliation, the remaining paragraphs in the count clearly discuss only defendants' allegedly false claims.

Plaintiff has listed a second "Count 1," which he denominates as "First Amendment." (*Id.* at ¶¶104-125.) In this count, plaintiff goes into great detail about his retaliation theory, but he indicates that the retaliation was in contravention of his "First and fourteenth (sic) Amendment" rights." (*Id.* at ¶104.)

Plaintiff's Count 2 (which is really his third count) alleges

---

[4] The paragraph provides:
> Plaintiff files this suit alleging (1) that his employment contract was not renewed in violation of the First and [F]ourteenth [A]mendment and retaliation for reporting his concerns about defendants' conduct of fraud, waste, and abuse of state and federal resources, and (2) that defendants, ATC and TCSG through and by its management personnel, knowingly submitted false or fraudulent claims to the United States and other government agencies in violation of the False Claims Act ("FCA") 31 U.S.C § 3729 *et seq.*, and 34 CFR 668.22 et seq.

(Compl. [1-3] at ¶74.)

8

again a "First Amendment Retaliation Claim." (*Id.* at ¶¶126-139.) Again, this claim is raised under the First Amendment (*id.* at ¶127) or both the First an Fourteenth Amendment (*id.* at ¶138.) Further, some paragraphs in the claim seem to represent an effort to track some of the elements of the *Pickering*[5] balancing test, which test provides the analytic framework for First Amendment retaliation claims. (*See Id.* at ¶¶127, 129-131, 134, 137-38.) A careful review of both First Amendment claims suggest that the Count 1 claim set out the factual basis for the claim, whereas the Count 2 claim set out the legal theory, including the *Pickering* factors.

Plaintiff's Count 4 is denominated as an "Arbitrary and Capricious Retaliation Claim." (*See Id.* at ¶¶141-152.) This claim appears to reiterate, again, plaintiff's disagreement with the defendants' decision not to renew his contract.

In addition to the above claims, which do not set out a False Claims Act retaliation claim under Title 31, in the preamble to his complaint, plaintiff clearly states that his claims for retaliation arise out of defendants' alleged violations of his rights under the First and Fourteenth Amendments, and that his claims under the False Claims Act only concern defendants' allegedly false filings. Specifically, plaintiff avers:

---

[5] *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968).

> Plaintiff brings claims . . . based on federal law, specifically including claims based on the U.S. Constitution ([F]irst and [F]ourteenth [A]mendment) for violation of plaintiff's right to free expression and afforded necessary protection from adverse employment action and retaliation; and, the Federal False Claim Act, for filing false, untruthful and misrepresenting claims.

(*See* Compl.'s [1-1] at "Statement of the Case.")

Plaintiff's First Amendment to Complaint [2] sets out a Count 5, as follows, "Count 5: 42 USC 1983 Violations." Again, plaintiff reiterates his earlier disagreement with defendants' decision not to renew his contract. Finally, lest there be any doubts regarding what plaintiff considers to be the legal source of his retaliation claim, plaintiff specifically states in his Amended Complaint that Counts II, III, and IV of his initial complaint concern defendants' alleged constitutional violations:

> Plaintiff states this claim by proving a violation of one of the Bill of Rights, the First Amendment of the Constitution. See Count 2,3, and 4."

(*See* First Am. Compl. [2] at ¶P.)

In short, defendants' failure to divine a False Claims Act retaliation claim under § 3730(h) in either plaintiff's "Complaint" or his "First Amendment to Complaint" is entirely understandable, as the Court has likewise been unable to find such a claim.

Defendants further argue that, if defendants' recitation of plaintiff's claims in their dismissal motion was incomplete,

10

plaintiff should have pointed out this omission in his responsive brief to their motion. Defendants' point is well-taken. A motion for reconsideration is not the appropriate vehicle for a plaintiff to raise a new legal theory. See *Mincey*, 206 F.3d at 1137 n.69.

All of the above is true, and defendants assert persuasive arguments on this issue. Yet, in reading through the docketed pleadings again, the Court has reviewed the Response of the plaintiff [31] to the United States' Notice of Non-Party Status [30]. The United States [hereinafter "the Government"] filed this Notice on January 20, 2010, well after the removal of this action on August 5, 2009, and three months after the briefing on the defendants' motion to dismiss had concluded.

The Court is uncertain why the Government chose to file a Notice at this late date or what purpose it intended that Notice to serve. In this Notice, the Government reiterated that it was not a party in interest, as the plaintiff had failed to comply with the statutory prerequisites for a False Claims Act claim, and hence no such claim was properly before this Court. The Government went on to note, gratuitously, that it took no position on plaintiff's retaliatory discharge pursuant to 31 U.S.C. § 3730(h). Why the Government made this statement is unclear, as plaintiff had not explicitly set out such a claim. Perhaps, the Government filed the Notice to offer the plaintiff a helpful hint.

At any rate, taking that hint and running with it, the plaintiff filed an unsolicited Response to this Notice, in which he then began discussing his § 3730(h) claim, as if it were clear that he had ever asserted such a claim. Specifically, the plaintiff states in this Response that he has filed a § 3730(h) claim and that the legal standards and interests advanced by a § 3730(h) retaliation claim and a § 3730(b) *qui tam* claim are different. (Pl.'s Resp. [31] at 10.) Plaintiff then proceeds to set out the elements of a § 3730(h) claim and states that his prior pleadings had averred facts that would satisfy these elements. (*Id.* at 10-11.) Further, plaintiff notes that just because the case might be subject to dismissal on the § 3730(b) claim does not mean that the § 3730(h) claim should also be dismissed. (*Id.* at 9.) Finally, plaintiff states outright that the defendants' pending motion for dismissal had neglected to address plaintiff's § 3730(h) claim, meaning that his claim for retaliatory discharge should go forward. (*Id.* at 12-13.)

Now, as noted above, there was clearly no mention of a § 3730(h) claim in plaintiff's earlier two complaints. With briefing long completed, defendants could not be reasonably expected to treat this gratuitous response by plaintiff to an unsolicited Notice by the Government as a constructive amendment of his complaint. Nor could this Court, which issued its Order shortly after the plaintiff's Response to the Notice and doubts that it gave the latter much

12

attention, be faulted for failing to address a claim that was not a subject of the motion to dismiss and was not addressed in plaintiff's response to that motion.

What the Court surmises to have happened is that plaintiff read the Government's Notice, realized that there was a stronger and more apt retaliation claim available to him than the one he had made, and decided to constructively amend his earlier complaints by filing an unnecessary response to the Government's Notice that would thereby memorialize plaintiff's assertion that he had actually filed a § 3730(h) claim.

Clearly, the plaintiff should have formally filed a motion to amend his complaint to assert a § 3730(h) claim, instead of handling the matter in such an indirect and clumsy manner. There is also no question that plaintiff has caused the Court and the defendants to expend more time and energy on this matter than was necessary. Nevertheless, the Court is going to permit the plaintiff to amend his complaint to add a retaliatory discharge claim pursuant to § 3730(h).

The Court makes this decision for the following reasons. First, FED. R. CIV. P. 15(a) provides that leave to amend shall be freely given when justice so requires. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Here, assuming the facts alleged by plaintiff to be true, the plaintiff repeatedly pointed out to administrators and others that his educational institution was

13

falsely receiving reimbursements from the federal government based on student attendance statistics that the school was artificially inflating. In addition to causing harm to the taxpayers who fund such reimbursements, the school was also inserting "F" grades into the transcripts of students who perhaps should have been deemed to have withdrawn from class, rather than have this mark entered, and the school allegedly did so for no reason other than to increase the monies it received from the federal government. Further, assuming plaintiff's allegations to be true, school administrators refused to renew plaintiff's contract precisely because he had reported their conduct and had become a persistent thorn in their sides.

These facts are clearly consistent with the spirit of the False Claims Act retaliatory discharge provision found at § 3730(h). Moreover, plaintiff made clear in his Complaint that he was alleging retaliatory discharge, although he incorrectly referenced the First Amendment and § 1983, instead of the more apt § 3730(h) provision. Given plaintiff's pro se status and the above facts, the Court concludes that the interests of justice support allowing the plaintiff to have his full day in court on these allegations. While allowing plaintiff to amend does cause the defendants additional bother, as the defendants will now likely need to file another motion to dismiss, the defendants would have had to make these same arguments in their original motion had the plaintiff correctly pled

14

the § 3730(h) claim. Admittedly, piecemeal litigation is disfavored as it increases the costs to both the Court and parties. Nevertheless, the Court concludes that, on the unique facts of this case, the interests of justice outweigh that consideration.

While plaintiff's allegations may invoke the spirit of the False Claims Act retaliatory discharge provision, it is not at all clear, however, that they will actually give rise to a valid claim under that provision. First, the Court assumes that the defendants will resurrect a statute of limitations attack on this claim as well. At the time plaintiff filed his suit, claims for retaliation under § 3730(h) were governed by the most closely analogous state limitations period. *See Graham County Soil & Water Conserv. Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422 (2005). In *Graham*, the Supreme Court suggested, without deciding, that the most closely analogous period for Georgia is the two-year limitations period found in O.C.G.A. § 9-3-33. *Id.* at 419 n.3. If this is so, then plaintiff's § 3730(h) claim will likewise be barred by the statute of limitations. (*See* Order [32] at 12-15)(granting defendants' motion for summary judgment on the grounds that the statute of limitations bars plaintiff's claims).[6]

---

[6] On the other hand, the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203 (July 21, 2010) amended § 3730(h) to provide a three-year statute of limitations. This amendment is indicated as being effective one day after the Act's

Further, the Court is uncertain to whom the plaintiff reported the defendants' allegedly improper conduct and whether those reports would constitute protected activity under § 3730(h). Likewise, the plaintiff would ultimately have to prove that the defendants were aware of his protected conduct.

Notwithstanding these uncertainties, the Court will give the plaintiff an opportunity to file a Third Amended Complaint that sets out these allegations, after which defendants will be permitted to file an additional motion to dismiss. This complaint should be filed **within twenty-eight (28) days** from the date of this Order. It should address, and allege, <u>only</u> a retaliatory discharge claim under § 3730(h). The allegations in support of the claim should succinctly set out all facts that would support, or inform consideration of, the elements of a § 3730(h) claim. With regard to any reports about defendants' conduct made by plaintiff, plaintiff should allege with specificity to whom these reports were made and the approximate date. With regard to the defendants' knowledge of plaintiff's protected activity, the plaintiff should state, with particularity, the facts from which one could infer knowledge on defendants' part. Finally,

---

passage, which occurred on July 21, 2010. The only decision of which is Court is aware as to the retroactivity of that amendment is *Riddle v. DynCorp Intern. Inc.*, 733 F. Supp. 2d 743, 747-48 (N.D. Tex. 2010), which held that the amendment adding a new statute of limitations for § 3730(h) was not retroactive.

16

plaintiff should set out the retaliatory actions taken.

Should there be deficiencies in plaintiff's newly-amended complaint or non-compliance with these directions, the Court will be disinclined to give the plaintiff another chance. Defendants may file a motion to dismiss within twenty-eight (28) days of the filing of plaintiff's newly-amended complaint.

### D.   Plaintiff's Arguments Concerning Cost

Plaintiff has also argued that he should not have to pay the costs of this action, as directed by the Clerk's Judgment. In response, defendants argue that the issue is moot as they have not submitted a Bill of Costs. Accordingly, the Court **DENIES** plaintiff's motion to reconsider to the extent it contests the entry of a bill of costs. Should defendants ever submit such a bill, plaintiff may file a timely objection at that time.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Reconsider or, in the Alternative Amend and Modify Its Judgment [34]. The Court grants plaintiff's motion only as to the § 3730(h) claim; it denies the motion as to any other grounds raised by plaintiff. If plaintiff seeks to file an amended complaint, it must comply with the above directions concerning same.

SO ORDERED, this 29 day of March, 2011.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE