IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALVIN N. LINDSAY,

    Plaintiff,

v.

TECHNICAL COLLEGE SYSTEM OF
GEORGIA, ATLANTA TECHNICAL
COLLEGE, BRENDA JONES, ALVETTA
P. THOMAS, JONI WILLIAMS, AND
KRISTI WOLFSBERGER CARMAN,

    Defendants.

CIVIL ACTION NO.
1:09-cv-2133-JEC

**ORDER & OPINION**

    This case is before the Court on defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [47]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion [47] should be **GRANTED**.

**BACKGROUND**

    This case arises out of an employment dispute. The Court described the facts underlying the case in detail in two previous orders. (March, 2010 Order [32] and March, 2011 Order [38].) Briefly, plaintiff is a former employee of defendant Atlanta Technical College ("ATC"). (Order [32] at 2.) He filed this lawsuit under the False Claims Act ("FCA") and other federal statutes after

defendants refused to renew his employment contract in May, 2007. (*Id*. at 3.) He claims that the non-renewal was in retaliation for complaining about and trying to stop ATC's violation of federal law relating to student financial aid. (*Id.*)

In its March, 2010 Order, the Court granted defendants' motion to dismiss plaintiff's federal claims. (*Id*. at 16-17.) The Court noted in its Order that plaintiff had failed to comply with any of the procedural requirements of the FCA. (*Id*. at 10.) As for the remaining federal claims, the Court held that they were barred by the applicable statute of limitations. (Order [32] at 12-15.) In accordance with its ruling, the Court granted plaintiff's motion to amend his complaint to assert new state law claims, but declined to exercise jurisdiction over those claims and dismissed the lawsuit in its entirety. (*Id.* at 16-17.)

Following the dismissal, plaintiff filed a motion for reconsideration in which he argued that the Court had failed to consider all of his federal claims. (Order [38] at 2.) Specifically, plaintiff maintained that he had asserted a retaliatory discharge claim pursuant to 31 U.S.C. § 3730(h), which was not addressed in defendants' motion to dismiss or in the Court's dismissal order. (*Id.*) The Court reviewed plaintiff's two prior amended complaints and found no mention of a § 3730(h) claim. (*Id.* at 7-16.) Nevertheless, the Court allowed plaintiff twenty-eight

2

(28) days to file a third amended complaint to assert the claim. (*Id.* at 16.) When no complaint materialized in the allotted time, the Court entered a second order of dismissal. (Order [39].)

Plaintiff subsequently filed another motion to reconsider, premised on the fact that he did not receive the Court's Order allowing him to file an amended complaint. (Order [44] at 2-3.) The Clerk's record did not contradict plaintiff's assertion and defendant failed to file a brief in opposition. (*Id.* at 3.) Accordingly, the Court granted plaintiff's unopposed motion and allowed him to amend his complaint a third time to assert a claim for retaliatory discharge under § 3730(h) claim. (*Id.* and Third Am. Compl. [45].) The Court ordered defendants to file an answer or otherwise appropriate dispositive pleading to the amended complaint. (Order [44] at 3.) Defendants responded with the motion to dismiss, or in the alternative for summary judgment, that is now before the Court. (Defs.' Mot. to Dismiss or for Summ. J. [47].)

## **DISCUSSION**

### I. **STANDARD OF REVIEW**

In their motion, defendants argue that they are not proper defendants under § 3730(h) because: (1) the individual defendants do not qualify as plaintiff's "employer" and (2) the Technical College System of Georgia ("TCSG"), including the ATC, is an arm of the state that is not subject to liability under § 3730(h). (Defs.' Br. in

3

Supp. of Mot. ("Defs.' Br.") [47] at 2.) Defendants further contend that plaintiff's § 3730(h) claim is barred by the applicable statute of limitations. (*Id.*) Defendants rely on matters outside of the pleadings in support of their statute of limitations argument. (*Id.* at 10-14.) The Court will therefore treat the pending matter as a motion for summary judgment. *See* FED. R. CIV. P. 12(d)("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249-50.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. However, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element

4

essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323. However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court must view all evidence and factual inferences in a light most favorable to the non-moving party. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48 (1986). The requirement is that there be no "*genuine* issue of *material* fact." *Id.*

5

## II. <u>LIABILITY UNDER § 3730(h)</u>

A. <u>Individual Defendants</u>

The version of § 3730(h) that was in effect at the time of plaintiff's alleged retaliation provides that:

> [a]ny employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment *by his or her employer* because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h) (2007)(emphasis added). By its clear and express terms, this language only prohibits retaliation by an "employer." *Id.* It does not provide for individual liability against a supervisor or a manager for retaliatory discharge. *United States ex rel. Friddle v. Taylor, Bean & Whitaker Mort. Corp.*, Civil Action No. 1:06-cv-3023-JEC, 2012 WL 1066510, *5-6 (N.D. Ga. Mar. 27, 2012)(Carnes, C.J.)(agreeing with a nearly unanimous majority of other courts that § 3730(h) does not give rise to individual liability under the FCA).

Giving the term "employer" its ordinary, commonly understood meaning, it is clear that the individuals named in the amended complaint are not subject to liability for retaliatory discharge under the version of § 3730(h) that applies to plaintiff's claims.

6

*Id.* (declining to create a *de facto* employer status under § 3730(h)). *See also United States ex rel. Siewick v. Jamieson Sci. and Eng'g, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003)(holding that a CEO was not an employer with the meaning of the FCA). Recognizing this, plaintiff urges the Court to apply an amended version of § 3730(h) that eliminates the reference to the term "employer." *See* Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21. However, Congress expressly limited the application of the 2009 amendment to "conduct [that occurs] on or after the date of [its] enactment." *Id.* at § 4(f). *See also Barber v. Paychex Inc.*, 439 Fed. App'x 841, 842 (11th Cir. 2011)(noting that the Fraud Enforcement and Recovery Act amendments do not apply retroactively). The amendment was enacted on May 20, 2009. *Id.* Accordingly, it cannot apply to plaintiff's retaliation claim, which is based on conduct that occurred in 2007. (Third Am. Compl. [45] at ¶ 32.)

### B. TCSG and ATC

Plaintiff's claims against the institutional defendants are likewise invalid. As numerous federal courts have held, liability on a § 3730(h) claim under the pre-amended version of the FCA does not extend to states or their instrumentalities because § 3730(h) "does not reflect the requisite congressional intent to waive state sovereign immunity." *Bell v. Dean*, No. 2:09-CV-1082-WKW, 2010 WL 1856086, *2-3 (M.D. Ala. May 4, 2010)(Watkins, J.). *See also United*

7

*States v. Tex. Tech. Univ.*, 171 F.3d 279, 294 (5th Cir. 1999) and *United States ex rel. Moore v. Univ. of Mich.*, 860 F. Supp. 400, 402 (E.D. Mich. 1994). TCSG, including ATC, is an instrumentality of the state of Georgia pursuant to O.C.G.A. §§ 20-4-14 and 20-4-18. Thus, plaintiff's suit against both must fail.

## III. **STATUTE OF LIMITATIONS**

Even if defendants were subject to suit under § 3730(h), the applicable statute limitations is fatal to plaintiff's claim. When plaintiff filed suit, the FCA did not contain a statute of limitations for § 3730(h) claims. Consequently, plaintiff's claims are governed by the most closely analogous state limitations period. *See Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 422 (2005). In *Graham*, the Supreme Court indicated that the most closely analogous period for Georgia is the two-year limitations period found in O.C.G.A. § 9-3-33. *Id.* at 419.

Citing cases from district courts outside this Circuit, defendants alternatively suggest that the most closely analogous state limitations period is found in Georgia's whistleblower statute, O.C.G.A. § 45-1-4. (Defs.' Br. [47] at 13.) The relevant provision of that statute provides as follows:

8

> [a] public employee who has been the object of retaliation in violation of this Code section may institute a civil action . . . within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier.

O.C.G.A. § 45-1-4(e)(1).

Plaintiff concedes that the operative date of his alleged retaliation is May 29, 2007. (Aff. of Alvetta Thomas at ¶ 3, attached to Defs.' Mot. [47] as Ex. A.) That is also the latest date on which plaintiff could have discovered the retaliation. Plaintiff did not file suit in this case until June 29, 2009. (Compl., attached to Notice of Removal [1] at Ex. 3.) The suit is therefore barred under either the one-year post-discovery limitations period of § 45-1-4 or the two-year limitations period of § 9-3-33. *See Stokes v. Savannah State Univ.*, 291 Fed. App'x 931, 932 (11th Cir. 2008) (affirming that a Georgia whistleblower plaintiff's failure to file her claim within one year of discovering retaliation warranted dismissal under § 45-1-4(e)(1)).

Plaintiff does not dispute the above dates, or suggest an alternative Georgia statute from which to determine the applicable limitations period. (Pl.'s Resp. Br. [51].) Rather, plaintiff asks the Court to apply the three-year limitations period that was added to § 3730(h) in 2010 via the Dodd-Frank Wall Street Reform and Consumer Protection Act. (*Id.* at 15-16.) The Dodd-Frank Act states that its amendments are to "take effect 1 day after" the enactment of

9

the Act, which occurred on July 21, 2010. Pub. L. No. 111-203, § 4. Several courts have declined to apply the amendments retroactively. *See Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940, 943 (5th Cir. 2012)(noting that retroactive application would revive a claim that expired before the statute's effective date) and *United States ex rel. Schweizer v. Océ N.V.*, 677 F.3d 1228, 1230 (D.C. Cir. 2012) (with one irrelevant exception, none of the changes to §§ 3729 and 3730 made since 2006 have been applied retroactively). Given the language of the Dodd-Frank Act and its interpreting authority, plaintiff offers no persuasive reason for applying its amendments, including the statute of limitations period, to his § 3730(h) claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [47]. The Court directs the Clerk to **DISMISS** and **CLOSE** this action.

SO ORDERED, this <u>13th</u> day of February, 2013.

<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

10